**David LITTLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1961.

Joe P. Tackett, Edmond H. Tackett, Prestonsburg, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellee.

STEWART, Judge.

David Little was indicted in Floyd County, charged with the offense of voluntary manslaughter arising out of the death of Earl Little who was struck on February 12, 1960, by an automobile driven by David Little in Wheelwright. At his trial on September 20, 1960, the jury found him guilty and fixed his punishment at two years' imprisonment in the penitentiary.

█ Little urges as his only ground for reversal that the instruction on voluntary manslaughter was erroneous because it authorized the jury to find him guilty if he "carelessly *or* wantonly" operated his automobile. It is his position that the instruction should have required a finding of reckless *and* wanton conduct.

Little cites Marye v. Commonwealth, Ky., 240 S.W.2d 852, as upholding his contention that "and" instead of "or" should have been inserted between the above two words. We do not agree. That case concerned an appeal from a conviction on a charge of involuntary manslaughter, and a main reason the judgment was reversed was that the jury was instructed it could find Marye guilty of such an offense if he had done nothing more than commit an act of ordinary negligence. It is true the Marye opinion, in a broad general way, made certain references to the language to be incorporated into a voluntary manslaughter instruction, but such references must be considered gratuitous for the reason that this crime was in nowise involved in that case. Furthermore, a careful reading of the Marye opinion will convince one that reckless and wanton were regarded as having one and the same import.

█ The lower court in defining wanton and reckless considered each of these words

as conveying a similar meaning, namely, that of being "utterly careless" or "having no regard for the safety of others." Many of the cases listed in the Kentucky Digest under the heading of "Automobiles" and under ☞344, pertaining to automobile manslaughter cases, used the words "reckless" and "wanton" synonymously, as did the cases listed in the annotations to KRS 435.025, the so-called negligent homicide statute. Webster's New International Dictionary defines wantonness as recklessness. It is our view the same idea is formed in the mind by reckless *and* wanton as by reckless *or* wanton. Clearly the jury could not have been led astray by the instruction in controversy.

Wherefore, the judgment is affirmed.